UNITED STATES of America, Plaintiff,

v.

Christopher Richard MESSINO,
et al., Defendants.

No. 93 CR 294.

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 31, 1995.

L. Felipe Sanchez, Matthew Schneider, Kathleen Murdock, Asst. U.S. Attys., Chicago, IL, for U.S.

Marc William Martin, Chicago, IL, for Christopher Richard Messino.

Douglas P. Roller, Naperville, IL, E.E. Edwards, III, Nashville, TN, for Clement A. Messino.

Linda Amdur, Chicago, IL, for Michael Homerding.

Robert A. Loeb, Chicago, IL, for Donald Southern.

Donna Hickstein–Foley, Chicago, IL, for William Underwood.

Gerardo Gutierrez, Chicago, IL, for Christopher B. Messino.

Robert L. Gevirtz, Gevirtz, Born & Kissel, Northfield, IL, for Blaise Messino.

Joseph R. Lopez, Chicago, IL, for Paul Messino.

Walter Jones, Jr., Chicago, IL, for Thomas Hauck.

Edna Selan Epstein, Chicago, IL, for Gray Chrystall.

Leland Shalgos, Chicago, IL, for Daniel C. Shoemaker.

Steven A. Greenberg, Chicago, IL, Richard Friedman, Chicago, IL, for Lawrence Thomas.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court are pretrial motions *in limine* as well as a few remaining pretrial motions and matters. For background on this case see *United States v. Messino*, 871 F.Supp. 1035 (N.D.Ill.1995), and other cases cited at 871 F.Supp. at 1037–38 of that opinion.

### I. TAINT ISSUES RELATED TO PREVIOUSLY SUPPRESSED EVIDENCE

On January 18, 1995, the court conducted a taint hearing to determine what, if any, items would be suppressed as evidence because of their having been derived from leads attributable to already suppressed evidence. The hearings were on the motions of defendants Christopher Richard Messino and Clement A. Messino. Based upon the credible evidence of record the court makes the following findings of fact and conclusions of law. The court considers now only those items challenged in defendants' post-hearing submissions.

## A. *Findings of Fact*

### *Credibility Finding*

1. Special Agent Michael Priess, the sole witness at the hearing, was a credible witness in all respects. His testimony demonstrated detailed recall of facts surrounding the instant investigation.

### *Challenges from Christopher Richard Messino*

2. The lease between Nick Sula and Christopher Richard Messino is attributable to an independent source of discovery.

3. The government's identification and use of Jerry Haas and Lisa Batts as witnesses are attributable to an independent source of discovery.

### *Challenges from Clement A. Messino*

4. The government's identification of Clement A. Messino's boat and place of purchase are attributable to an independent source of discovery.

5. The government's identification and use of George Thorpe, John Richard, Phillip Webb, Ed Cozzi, and Frank Fuscone as witnesses are attributable to an independent source of discovery.

6. The identity and significance of Chris Smith as a witness would have inevitably been discovered even absent utilization of tainted leads.

6. Bank records from Interstate Bank of Oak Forest, Chesterfield Bank, Beverly Bank, Thornridge State Bank, Evergreen Plaza Bank, Heritage Bank of Crestwood, First National Bank of Harvey, and First National Bank of Blue Island, as well as any credit card records would, at the very least, have been inevitably discovered even absent utilization of tainted leads.

## B. *Conclusions of Law*

1. The exclusionary rule prohibits "the introduction of evidence obtained as the direct or indirect result of an illegal search." *United States v. Markling,* 7 F.3d 1309, 1315 (7th Cir.1993) (citing *Murray v. United States,* 487 U.S. 533, 536, 108 S.Ct. 2529, 2532, 101 L.Ed.2d 472 (1988)).

2. Various doctrines define whether evidence not primarily tainted was obtained as a result of the primary illegality. *See generally* 4 WAYNE R. LaFAVE, SEARCH & SEIZURE § 11.4(a) (2d ed. 1987).

3. When the disputed evidence is attributable to a source independent of the illegally obtained primary item, the independent source doctrine renders the evidence admissible despite the primary taint. *Markling,* 7 F.3d at 1314–18, 1318 n. 1.

4. When the disputed evidence inevitably would have been discovered by lawful means, the inevitably discovery doctrine renders the evidence admissible despite the primary taint. *See United States v. Jackson,* 901 F.2d 83, 84–85 (7th Cir.1990); *Markling,* 7 F.3d at 1318 n. 1.

## C. *Holding*

No further items are suppressed as evidence because of tainted leads.

## II. *GOVERNMENT'S CONSOLIDATED PRE–TRIAL MOTION IN LIMINE*

The government's motion raises eight separate evidentiary issues.

### A. *Impeachment of Joseph Granata*

For reasons discussed under Clement Messino's motion *in limine,* the government's motion in this regard is granted.

### B. *Evidence and Argument of Lawfulness and Non-corrupt Conduct*

The government's motion in this respect cannot be evaluated absent the more specific context provided at trial. Accordingly, in this respect said motion is denied.

### C. *Evidence and Argument of Outrageous Government Conduct*

The government's motion in this respect cannot be evaluated absent the more specific context provided at trial. Accordingly, in this respect said motion is denied.

**D. Evidence and Argument of Entrapment**

■ No defendant has responded to this part of the motion by asserting a right to argue entrapment in opening statements. Accordingly, in this regard the government's motion is denied as moot.[1]

**E. Mention of Prior Prosecution Experience by Defense Counsel**

■ Clement Messino's attorney, as far as the court is aware, is the only person to whom this argument is directed. Counsel represents he has no intention to mention his prosecution experience. On the off chance another attorney or a witness might introduce the fact of counsel's prosecution experience, the court holds that the subject is irrelevant, and accordingly grants the motion in this regard. FED.R.EVID. 401, 402.

**F. Evidence and Argument About Draft Transcripts**

■ The government does not appear to dispute that a draft transcript prepared by a witness may be used to impeach that witness. Rather the government objects to using the draft against another witness, which would not be proper impeachment. Accordingly, in this regard the government's motion is granted.[2]

**G. Allegations of Witness Wrongdoing Not Involving Dishonesty**

■ The government here seeks to regulate impeachment of its witnesses at trial. Without context, the court must reserve ruling, and accordingly in this respect the government's motion is denied.

**H. Maximum Penalties Faced by Witnesses**

■ The government wants to exclude introduction of the statutory maximum penalty, arguing that such a number is misleading given the realities of sentencing under the United States Sentencing Guidelines. Such evidence is Rule 401 relevant to the issue of credibility. To the extent the statutory maximum does not tell the whole story, the government is free to explore that on re-direct examination. Accordingly, in this regard the government's motion is denied.

In conclusion, the Government's Motion *in Limine* is granted in part, denied in part, and denied as moot in part.

**III. GOVERNMENT'S MOTION FOR LEAVE TO RECALL CERTAIN WITNESSES DURING ITS CASE IN CHIEF**

■ In order to present its case in a "chronological, coherent manner," the government asks to be able to recall certain witnesses during its case in chief. The court has the discretionary authority to allow the case in chief to proceed as the government suggests. *See United States v. Dent*, 984 F.2d 1453, 1463 (7th Cir.) (citing cases), *cert. denied*, —— U.S. ——, 114 S.Ct. 169, 126 L.Ed.2d 129, and —— U.S. ——, 114 S.Ct. 209, 126 L.Ed.2d 165 (1993); FED.R.EVID. 611(a). The court agrees with the government that, properly executed, its proposal would be beneficial to the jury's following the government's case.

Accordingly, the Government's Motion for Leave to Recall Certain Witnesses During Its Case in Chief is granted.

**IV. DEFENDANT CHRISTOPHER RICHARD MESSINO'S MOTION IN LIMINE TO PRECLUDE INCOMPETENT LAW OPINION EVIDENCE, EVIDENCE BASED UPON LACK OF PERSONAL KNOWLEDGE AND EVIDENCE BASED UPON HEARSAY**

Defendant Christopher Richard Messino's motion, phrased as it is, seeks merely to enforce Rules 602, 701 and 802. As long as the court is careful to note that defendant's examples of enforcement of these rules are not necessarily valid, the motion may be granted.

1. The course of trial may raise other entrapment issues. For now, the court considers only opening statements.

2. Any attempt by defendants to use the drafts for other purposes would be evaluated at trial.

Defendant Christopher Richard Messino's Motion *in Limine* to Preclude Incompetent Law Opinion Evidence, Evidence Based upon Lack of Personal Knowledge and Evidence Based upon Hearsay is granted. FED. R.EVID. 602, 701 and 802.

## V. DEFENDANT CHRISTOPHER RICHARD MESSINO'S MOTION IN LIMINE TO PRECLUDE EVIDENCE REGARDING CHRISTOPHER RICHARD MESSINO'S EMPLOYMENT AS A POLICE OFFICER

Defendant Christopher Richard Messino's Motion *in Limine* to Preclude Evidence Regarding Christopher Richard Messino's Employment as a Police officer is denied. FED. R.EVID. 401, 402, 403.

## VI. DEFENDANT CHRISTOPHER RICHARD MESSINO'S OMNIBUS MOTION IN LIMINE

Defendant Christopher Richard Messino seeks to preclude introduction of sixteen categories of evidence.

### A. Certain Events Pertaining to Clement Messino

#### 1. Escape

The government does not intend to introduce such evidence, and so the motion in this regard is denied as moot.

#### 2. Granata Dealings

The court has previously ruled on the Granata transactions, and in this regard the motion is denied.

#### 3. Gun

■ Such evidence is admissible on a tool-of-the-trade theory. *See United States v. Ramirez*, Nos. 93–4056 & 93–4059, 1995 WL 17808, at *7 (7th Cir. Jan. 19, 1995). In this regard, the motion is denied.

**3.** The government wants to preclude evidence that any of its witnesses once worked as prostitutes, but presents no motion. The defendants

#### 4. Severance

The government is right. The severance issue has been given its due. In this regard the motion is denied.

### B. Tax Evidence for Years Other than 1986 and 1987

■ This evidence may be admissible to show no legitimate source of income. *See United States v. Briscoe*, 896 F.2d 1476, 1500 (7th Cir.) ("It is well settled that in narcotics prosecutions, a defendant's possession and expenditure of large sums of money, as well as his or her failure to file tax returns, are relevant to establish that, in all probability, the reason for the failure to report this income is due to the defendant's participation in illegal activities."), *cert. denied*, 498 U.S. 863, 111 S.Ct. 173, 112 L.Ed.2d 137 (1990). Accordingly, in this regard the motion is denied.

### C. Rumors Regarding Murders

The government has no intention of introducing any murder issue, so in this regard the motion is denied as moot.

### D. Sex Evidence/Use of Prostitutes

■ The motion and the government's response raise a few issues here. First, any defendant's use of prostitutes is irrelevant and overly prejudicial, absent some special circumstances, which the government does not forward.[3] Second, defendant wants to avoid reference to the fact that some defendants may have had sexual relationships with the same women. The government is right, though, to note that it may be difficult for a witness to tell her story of her relation to those defendants without discussing the fact that she dated them. The government intends to elicit the information in a "non-inflammatory" manner, a representation under which the introduction of the evidence will not be unduly prejudicial.

In this regard the motion is granted in part and denied in part.

therefore have not properly been afforded an opportunity to present a theory of relevance.

### E. *Possession of Weapons*

This evidence is admissible on a tool-of-the-trade theory, as discussed above. In this regard the motion is denied.

### F. *Loan Sharking*

■ All the government intends to do here is introduce evidence of large cash loans to show defendant's possession of such cash as evidence of the conspiracy. This introduction is admissible. *See United States v. James*, 40 F.3d 850, 861 (7th Cir.1994), *cert. denied*, No. 94–7225, 1995 WL 21671 (U.S. Jan. 23, 1995); *see also Briscoe*, 896 F.2d at 1500. In this regard the motion is denied.

### G. *Car Theft Activity*

On this issue the court has previously reserved ruling. In this regard the motion is denied.

### H. *Kim Forbes*

Defendant seeks to bar introduction of confidential marital communications. The government agrees with this theory. In this regard the motion is granted, although fact issues related to the privilege may arise at trial.

### I. *Yvette Gifford*

■ Defendant raises three objections to predicted testimony by Yvette Gifford regarding aliases, the carrying of a briefcase full of $10,000, and putting assets in other persons' names. Depending on context, these incidents could be Rule 401 relevant. Also, any foundational issues are properly addressed at trial. In this regard the motion is denied.

### J. *Michael Homerding*

Defendant seeks to bar evidence of Homerding being shot at, which the government does not seek to introduce. In this regard the motion is denied as moot.

### K. *Timothy Larkin*

Two concerns are here. First is evidence of an accusation by Christopher Richard Messino that Larkin stole money. The government does not seek to introduce such evidence. Second is evidence of large amounts of cash, which the government is entitled to introduce. In this regard the motion is denied as moot in part and denied in part.

### L. *Mary Beth Maroulis*

Here the motion raises foundational issues, reserved for trial. In this regard the motion is denied.

### M. *Dawn Peco*

Here the motion addresses a gun shot incident, which the government says it will not introduce. In this regard the motion is denied as moot.

### N. *Pete Peco, Jr.*

■ Here defendant raises an issue of evidence of a debt owed by Gray Chrystall to Christopher Richard Messino. The government's theory is that the debt will be linked up when viewed in the context of the evidence at trial. Accordingly, the court reserves ruling by denying the motion in this regard.

### O. *Pete Peco, Sr.*

The government has agreed not to introduce the disputed evidence that Christopher Richard Messino asked this witness to beat up a certain "kid." Accordingly, in this regard the motion is denied as moot.

### P. *Terry Saberhagen*

■ The government's theory of the admissibility of challenged testimony by Saberhagen is based on Saberhagen's being an unindicted coconspirator. The court reserves ruling until trial, as the papers cannot supply enough context presently to rule. In this regard the motion is denied.

In conclusion, Defendant Christopher Richard Messino's Omnibus Motion *in Limine* is granted in part, denied in part, and denied as moot in part.

## VII. DEFENDANT CHRISTOPHER RICHARD MESSINO'S MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES

 Under Rule 24(b) of the Federal Rules of Criminal Procedure, in this non-capital case in which "the offense charged is punishable by more than one year, the government is entitled to 6 peremptory challenges and the defendant or defendants jointly to 10 peremptory challenges." FED. R.CRIM.P. 24(b). However, where, as here, "there is more than one defendant, the court may allow the defendants additional peremptory challenges and permit them to be exercised separately or jointly." *Id.* Both the language of Rule 24(b) and Seventh Circuit cases make clear that "[t]he decision whether to grant additional peremptory challenges in multi-defendant trials ... lies within the sound discretion of the district court." *United States v. Cochran,* 955 F.2d 1116, 1121 (7th Cir.) (citing *United States v. Farmer,* 924 F.2d 647, 653 (7th Cir.1991)), *cert. denied,* —— U.S. ——, 113 S.Ct. 460, 121 L.Ed.2d 368 (1992).

 Defendant Christopher Richard Messino argues that because potential jurors in this case face a lengthy trial, additional peremptory challenges are necessary. At the time of the motion, eleven defendants were going to trial, and defendant argued that each of the eleven defendants going to trial should be allotted three peremptory challenges. While the court is aware that the length of a trial may complicate the jury selection process,[4] the peremptory challenge plan defendant proposes is not one the court in its discretion will employ.

With eight defendants going to trial as the court writes, the court collectively will allow the defendants ten peremptory challenges.[5] Each defendant will have sole authority over one challenge. The defendants should come to agreement on exercising the remaining challenges.

Accordingly, Defendant Christopher Richard Messino's Motion for Additional Peremptory Challenges is denied.

## VIII. DEFENDANT CHRISTOPHER RICHARD MESSINO'S MOTION FOR PRODUCTION OF EXCULPATORY OR IMPEACHING MATERIAL

Defendant seeks material pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). Specifically, defendant seeks information regarding three individuals: Fred Maleki, Cindy Delapena and Patrick Tobin. Regarding Tobin, the government represents that it has no written statements. Regarding Maleki and Delapena, the government asserts that (1) it does not intend to call those witnesses; and (2) none of the material on them is exculpatory.

 The court has verified through *in camera* inspection that the government's files on Maleki and Delapena do not contain *Brady* material. *Brady* bars the prosecution from withholding "evidence that is favorable to the defendant and material to an issue at trial." *United States v. Carson,* 9 F.3d 576, 582 (7th Cir.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 135, 130 L.Ed.2d 77 (1994). The Delapena Grand Jury testimony does not meet this test. Stretching materiality to its limits, one could argue that on some theory Delapena's absence of knowledge of any illegality on the part of Christopher Richard Messino makes her testimony material. But a *Brady* materiality determination is not a search for mere possibilities. *Id.,* 9 F.3d at 583. Under this analysis the court will not order production of the Delapena testimony.

Similarly, Maleki's testimony need not be produced by the government. The court's inspection of the testimony reveals no *Brady* material.

---

**4.** Length of trial is the only reason defendant offers for his jury selection plan. He does not raise the issue of conflicting trial strategy. The court nonetheless has taken that danger into consideration and concludes that no conflicting trial strategy problem warrants the plan defendant proposes. *See Cochran,* 955 F.2d at 1121.

**5.** Of course the government will have six challenges, as prescribed by Rule 24(b).

Accordingly, Defendant Christopher Richard Messino's Motion to Produce Exculpatory or Impeaching Information is denied.

## IX. DEFENDANT CLEMENT A. MESSINO'S MOTION IN LIMINE TO PRECLUDE CERTAIN EVIDENCE

Defendant Clement Messino raises five issues.

### A. Granata Transactions

■ The government apparently has defendant Clement Messino on tape with Joseph Granata, who was transmitting the conversation on behalf of the government. The government wants to play the tapes without putting Granata himself on the witness stand. Clement Messino's motion in this regard seeks to prevent the government from playing the tapes unless Granata testifies.

The court finds the Seventh Circuit's decision in *United States v. McClain*, 934 F.2d 822 (7th Cir.1991), instructive. In *McClain*, the Seventh Circuit approved admission of tapes even where the government did not put the non-defendant participant in the conversation on the stand. *Id.* at 832. The district court also in that case properly denied the opportunity of the defendant to impeach the non-defendant should the defendant call him. *Id.* The foundational and Sixth Amendment issues here are no different than in *McClain.*[6]

This is not a ruling on foundation issues or any other aspect of any Granata tapes. This is merely a ruling on whether some per se requirement prevents the government from introducing the Granata tapes without Granata. The court finds no such requirement, and so in this regard denies defendant's motion.

■ Defendant has, however, noted transcript portions that the court agrees are objectionable and will exclude. Specifically, defendant objects to September 15 and 16, 1991, references potentially to intimidating or even murdering a government witness. Both

instances have two problematic aspects. First, it is not entirely clear that Clement Messino in either instance is agreeing to or encouraging such intimidation. Second, either through inaudibility or truncated transmission the transcripts are incomplete. When the subject matter is so potentially inflammatory, the better course is to exclude those portions of the transcripts. In this regard, therefore, defendant's motion is granted.

### B. Pamela Messino

There is no question that Pamela Messino and defendant Clement Messino have been legally married since 1968. They are apparently married now and were married at all times relevant to this case. Defendant's motion raises the implications of that fact for the evidence in this case, based on the confidential marital communications privilege. *United States v. Keck,* 773 F.2d 759, 767 (7th Cir.1985).

■ The court does not reach issues of the confidential marital communications privilege, because there is a threshold issue of whether the adverse spousal testimony privilege will apply. *See Keck,* 773 F.2d at 767. By the government's own description, this privilege gives a person presently married to a criminal defendant the right not to testify against his or her spouse. *See United States v. Fulk,* 816 F.2d 1202, 1205 (7th Cir.1987). The government has two reasons why the adverse spousal testimony privilege will not apply: first, Pamela Messino is not asserting the privilege (as only she can assert it); and second, the marriage is a sham.

■ As far as the first point, Clement Messino's counsel's information is that Pamela Messino will assert the privilege. (*See* Defendant Clement Messino's Reply Memorandum in Support of Motion *in Limine* to Exclude Certain Evidence at 9 n. 5.) Therefore, questions under this privilege may arise. As far as the second point, as the strength of the marriage is contested by defendant, the government would have to

---

6. In *McClain* the Seventh Circuit discussed limiting instructions for this situation, 934 F.2d at 832, which the government should proffer.

prove up any exception, or at least present uncontested facts on which the exception would be based. *See generally United States v. Clark,* 712 F.2d 299 (7th Cir.1983). Such a prove up would undoubtedly resolve many of the issues as to the confidential marital communications privilege, which Clement Messino himself can invoke. Nonetheless, the adverse spousal testimony privilege is a threshold matter.

The court reserves the factual determinations necessary to rule on the privileges until trial, and accordingly denies defendant's motion in this regard.

### C. *Michael Gubbins*

▮ As the briefing came to a close, all defendant wants here is to obligate the government, before presenting attorney-client communications, to establish out of hearing of the jury that an exception to the privilege operates. This is a safe and reasonable request, so the motion in this regard is granted.[7]

### D. *"Post-conspiracy" Evidence*

Defendant here challenges transcript portions from five dates: January 7, 1992; January 28, 1992; March 3, 1992; March 15, 1993; and April 7, 1993.

#### 1. *January 7 and 28, 1992*

The court agrees that the January 7 and 28, 1992, statements are, as a preliminary matter, admissible under Rule 801(d)(2)(E).

#### 2. *April 7, 1993*

The government concedes that the April 7, 1993, conversation should be redacted as in Exhibit E–5 to defendant's motion.

#### 3. *March 3 and 15, 1993*

As to the March 3 and 15, 1992, conversations, the government's position is that while those conversations admittedly took place after the end of the charged conspiracy (and therefore Rule 801(d)(2)(E) does not apply), the proposed redactions are too broad.

▮ Since this is not an 801(d)(2)(E) admission, issues arise under *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20

L.Ed.2d 476 (1968). "[A] defendant is deprived of his rights under the Confrontation Clause when his nontestifying codefendant's confession naming him as a participant in the crime is introduced at their joint trial, even if the jury is instructed to consider that confession only against the codefendant." *Richardson v. Marsh,* 481 U.S. 200, 201–02, 107 S.Ct. 1702, 1704, 95 L.Ed.2d 176 (1987). The *Richardson* court makes clear that the references to Clement Messino that he notes do not present a *Bruton* problem because those references require "linkage" to Clement Messino before they implicate him. *Id.* at 208, 107 S.Ct. at 1708. The government is right here, and therefore the redactions should be as the government proposes. Accordingly, in this regard defendant's motion is granted in part and denied in part.

### E. *Other Issues*

#### 1. *Incarceration*

▮ Defendant wishes to avoid introduction of any evidence of his incarceration. The government's most important response, with which defendant never comes to grips, is that paragraph eleven of Count I of the Superseding Indictment specifically charges that Clement Messino directed co-conspirators while incarcerated. Introduction of evidence of incarceration is therefore hard to avoid.

In this regard defendant's motion is denied.

#### 2. *Escape*

The government does not intend to introduce specific evidence of defendant's escape, so the motion in this regard is denied as moot.

#### 3. *Employment as Police Officer*

The motion in this regard is denied. Fed. R.Evid. 401, 402.

#### 4. *Organized Crime References*

The government does not intend to introduce references to organized crime, except perhaps for a statement by Clement Messino that he is a good gangster because he used to be a police officer. The court has been provided a paraphrased snippet of testimony from a witness about whom it has heard little

---

7. The court finds no waiver of the privilege on the record it now has.

or nothing in the context of this case. The court must therefore reserve ruling, and the motion is accordingly denied.

In conclusion Defendant Clement Messino's Motion *in Limine* to Exclude Certain Evidence is granted in part, denied in part, and denied as moot in part.

### X. DEFENDANT DONALD SOUTHERN'S MOTION IN LIMINE TO PRECLUDE VARIOUS INADMISSIBLE STATEMENTS

Defendant Donald Southern raises two evidentiary issues regarding (1) statements of presumption, guesses or conclusions by lay witnesses, and (2) testimony of Southern's role without personal knowledge, unless foundation is laid or Rule 801(d)(2)(E) applies. This is in the category of motions to have the Federal Rules of Evidence apply to the trial.

Accordingly, Defendant Donald Southern's Motion *in Limine* to Preclude Various Inadmissible Statements is granted.

### XI. DEFENDANT CHRISTOPHER B. MESSINO'S MOTION IN LIMINE WITH REGARD TO CERTAIN EVIDENCE

Christopher B. Messino raises two evidentiary issues.

#### A. Evidence of Violence of Christopher B. Messino

The government rightly points out that the court has reserved ruling here. Accordingly, in this respect the motion is denied.

#### B. Evidence Regarding Isolated Incidents of Small Controlled Substance Deliveries

 The government will attempt to prove that defendant sold small amounts of cocaine during the course of and in furtherance of the conspiracy. Furthermore, defendant's motion is too vague to warrant a ruling that all incidents fitting into defendant's description should be excluded. Accordingly, in this respect the motion is denied.

Defendant Christopher B. Messino's Motion *in Limine* with Regard to Certain Evidence is denied.

### XII. DEFENDANT BLAISE MESSINO'S MOTION IN LIMINE REGARDING THE INTRODUCTION OF CERTAIN EVIDENCE

Defendant Blaise Messino raises two issues.

#### A. Possession of Firearms

At least as a preliminary matter, evidence of possession of firearms is admissible on a tool-of-the-trade theory.

#### B. Violence

Issues regarding evidence of violence have been reserved for trial.

Defendant Blaise Messino's Motion *in Limine* Regarding the Introduction of Certain Evidence is denied.

### XIII. DEFENDANT PAUL MESSINO'S MOTION IN LIMINE REGARDING INTRODUCTION OF CERTAIN EVIDENCE

Paul Messino's motion in conclusory fashion raises seven evidentiary issues.

#### A. Evidence of Robberies or a Fight

The government either does not intend to introduce such evidence or correctly notes the motion is not specific enough to support a ruling. In this respect the motion is denied.

#### B. Evidence Regarding His Possession of Weapons

In this respect defendant's motion is denied. The evidence may be admissible on a tool-of-the-trade theory.

#### C. Evidence of Violence

In this respect defendant's motion is denied, the court reserving ruling.

#### D. Evidence of Drug Deliveries Outside of Charged Conspiracy

Defendant's cursory request here is too vague and overbroad to support a ruling.

Accordingly, the motion in this respect is denied.

### E. *Evidence of Involvement with Stolen Vehicles*

The government correctly notes that the court has previously reserved ruling on this issue. In this respect the motion is denied.

### F. *Evidence that Paul Messino Traveled to Florida to Pick Up Cocaine for Clement Messino or Others*

Among other things, this conduct would seem to be part of the heart of the case against Paul Messino. The motion in this regard is without basis and is denied.

### G. *Evidence that Defendant Sold Cocaine to Confidential Informant Unless Informant is Produced for Cross-examination*

The government argues that there is no such requirement. However, any legal issue here is mooted because the government intends to produce informants in that category. In this regard the motion is denied as moot.

In conclusion, Defendant Paul Messino's Motion *in Limine* Regarding Introduction of Certain Evidence is denied in part and denied as moot in part.

### CONCLUSION

No further items are suppressed as evidence because of tainted leads. Government's Motion *in Limine* is granted in part, denied in part, and denied as moot in part. Government's Motion for Leave to Recall Certain Witnesses During Its Case in Chief is granted. Defendant Christopher Richard Messino's Motion *in Limine* to Preclude Incompetent Law Opinion Evidence, Evidence Based upon Lack of Personal Knowledge and Evidence Based upon Hearsay is granted. Defendant Christopher Richard Messino's Motion *in Limine* to Preclude Evidence Regarding Christopher Richard Messino's Employment as a Police Officer is denied. Defendant Christopher Richard Messino's Omnibus Motion *in Limine* is granted in part, denied in part, and denied as moot in part. Defendant Christopher Richard Messino's

Motion for Additional Peremptory Challenges is denied. Defendant Christopher Richard Messino's Motion to Produce Exculpatory or Impeaching Information is denied. Defendant Clement Messino's Motion *in Limine* to Exclude Certain Evidence is granted in part, denied in part, and denied as moot in part. Defendant Donald Southern's Motion *in Limine* to Preclude Various Inadmissible Statements is granted. Defendant Christopher B. Messino's Motion *in Limine* with Regard to Certain Evidence is denied. Defendant Blaise Messino's Motion *in Limine* Regarding the Introduction of Certain Evidence is denied. Defendant Paul Messino's Motion *in Limine* Regarding Introduction of Certain Evidence is denied in part and denied as moot in part.