UNITED STATES of America, Plaintiff,

v.

Clement A. MESSINO, et al., Defendants.

No. 93 CR 294.

United States District Court,
N.D. Illinois,
Eastern Division.

March 28, 1995.

Matthew Schneider, Kathleen Murdock, and L. Felipe Sanchez, Asst. U.S. Attys., Chicago, IL, for plaintiff.

Marc William Martin, Chicago, IL, Douglas P. Roller, Naperville, IL, E.E. Edwards, III, Nashville, TN, Linda Amdur; Robert A. Loeb; Donna Hickstein–Foley; Gerardo Gutierrez, Chicago, IL, Robert L. Gevirtz, Gevirtz, Born & Kissel, Northfield, IL, Joseph R. Lopez; Walter Jones, Jr.; Edna Selan Epstein; Leland Shalgos; and Steven A. Greenberg, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Clement Messino has served five substantially identical subpoenas on Assistant United States Attorney Matthew Schneider, lead trial counsel for the government; the Regional Director, Drug Enforcement Administration; Internal Revenue Service Special Agent Michael Priess; Federal Bureau of Investigation Special Agent Ivan Harris; and Alcohol Tobacco & Firearms Special Agent Michael Litman. The subpoenas seek:

1. Any and all reports of interview of Joseph Granata.

2. Arrest record of Joseph Granata.

3. Any and all record of payments or other benefits provided to Joseph Granata, by your agency.

4. Any and all copies of any grand jury testimony of Joseph Granata.

5. Any and all confidential informant or co-operating witness statements of Joseph Granata.

6. Any informant file pertaining to Joseph Granata.

7. Any and all documents reflecting any criminal activity ever engaged in by Joseph Granata.

8. Any and all prior recorded or written statements of Joseph Granata.

9. Any and all documents reflecting any agreements, promises, plea bargains, immunity letters or orders, or any other benefit conferred upon Joseph Granata.

In *United States v. Messino*, 873 F.Supp. 1177 (N.D.Ill.1995) ("January 31, 1995, Opinion"), this court held no per se rule required the government to call Joseph Granata, a participant in a recorded conversation with defendant Clement Messino, to establish a foundation for playing tapes of the conversation. At the time of the taping, Granata was recording the tapes for the government. Now defendant Messino, who has declared at least a probable intention to call Granata, seeks impeaching material on Granata from the government, essentially the same material to which defendant would be entitled under *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), were Granata a government witness. The government conceded in open court that the requested material would be *Giglio* impeachment material were Granata a government witness. The government has but one, general objection to the subpoenas: Granata is not a government witness.

But the fact that Granata is not a government witness does not end the matter. Defendant may employ the subpoena power of Rule 17 of the Federal Rules of Criminal Procedure to secure evidence at trial. And that power has been recognized to extend to securing impeaching material. *See, e.g., United States v. Fields*, 663 F.2d 880 (9th Cir.1981). *See generally* 2 WRIGHT, FEDERAL PRACTICE AND PROCEDURE: Criminal 2d § 274 (2d ed. 1982).

Because a Rule 17(c) subpoena for production of documents and other objects is for evidence, not discovery, the essential standard for a valid Rule 17(c) subpoena is that the materials be "evidentiary," or at least "that a good-faith effort be made to obtain evidence." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 219–20, 71 S.Ct. 675, 678, 95 L.Ed. 879 (1951). Clement Messino will likely establish that Granata is a hostile witness, and should defendant choose, he may impeach Granata under Rule 607 of the Federal Rules of Evidence once Granata has testified and his credibility is at issue.[1] To effect that impeachment, the defendant is entitled to subpoena the identified material under Rule 17(c).

That said, the issue remains as to when defendant is entitled to the material. Discussing Rule 17(c), the Supreme Court has held that "[g]enerally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." *United States v. Nixon*, 418 U.S. 683, 701, 94 S.Ct. 3090, 3104, 41 L.Ed.2d 1039 (1974). The reason why impeachment materials are only subject to subpoena pretrial is that the materials "ripen into evidentiary material only if and when the witness testifies at trial." *United States v. Cuthbertson*, 630 F.2d 139, 144 (3d Cir.1980), *cert. denied*, 449 U.S. 1126, 101 S.Ct. 945, 67 L.Ed.2d 113 (1981). Accordingly, since (1) defendant is not certain he will call Granata; and (2) in any event, Granata has not yet testified, the subpoenas, commanding production on March 27, 1995, are premature. For that reason, and that reason alone, the subpoenas are quashed.[2]

The Government's Motion to Quash Subpoenas is granted without prejudice to the

---

1. Recall that the mere playing of the tapes will not put Granata's credibility at issue, because he will not have testified. (*See Messino*, 873 F.Supp. at 1186 (citing *United States v. McClain*, 934 F.2d 822, 832 (7th Cir.1991))).

2. The ripening of defendant's right to information here is analogous to the ripening of a defendant's right to information under the Jencks Act, 18 U.S.C. § 3500. As under the Jencks Act, nothing prevents the government from expediting the trial through producing the information sooner on a voluntary basis.

serving of renewed subpoenas as discussed in this opinion.